Parker, C. J.
The evidence objected to at the trial, and now made the ground of a motion for a new trial, is that which relates to certain conversations and declarations of Goodwin, the grantor of Eggleston, and the judgment debtor, in the judgment whicli was attempted to be satisfied by a levy on the land demanded in this action.
* The substance of the conversation proved is, that Goodwin expected to be ruined by being connected with the Berkshire Bank as a director ; and that he thought it best to pay as little of his debts as possible, and intimated an intention to submit to imprisonment in Albany, in the state of New York. This conversation took place before the execution of the deed to Eggleston, and he was not present at it. The judge overruled the objection made at the trial, on the ground that, if knowledge of the fact could be proved upon Eggleston, the evidence was proper; and there was afterwards evidence of other declarations of Goodwin, made in the presence of Eggleston, of a similar import, so far as their tendency was to prove the known or expected insolvency of Goodwin, but none in which any intention, on his part, to conceal his property was intimated.
So far as the conversation tended to prove the insolvency or embarrassment of Goodwin before he conveyed his estate, we think the evidence proper, (a) The fact was essential to be proved, in order to establish a motive on his part to make a fraudulent conveyance; and it could not be better proved than by his own *216 acknowledgment. It is true that Goodivin is a competent witness, if he is not bound by his covenants, or if he is released. But the creditor, who is pursuing his debt through a supposed fraudulent conveyance, is not obliged to rely upon the testimony of the principal in the supposed fraud. His conduct, actions, and declara tians, before such conveyance is made, are proper subjects to lay before the jury, to enable them to ascertain whether the conveyance, on his part, was fraudulent; and such evidence does not prejudice the supposed grantee. If he purchased bona fide, and for a valuable consideration, without knowledge of such design, his title will not be affected.
There has been much doubt with respect to this species of evidence, different opinions having heretofore prevailed, and no case solemnly decided having settled all the questions which grow out of the subject. It is * certain that more laxity or liberality has prevailed, with respect to the rules of evidence in inquiries concerning the validity of conveyances supposed to be fraudulent, than upon most other subjects. It will be well to establish some precise rules, which may make this branch of litigation less troublesome than it has hitherto been. Now, as the creditor, in such cases, is obliged to prove actual fraud in the grantor, and a participation in or knowledge of it in the grantee, we think these two branches of his case will admit of the application of evidence to the two parties which, although appa rently inconsistent with, is by no means repugnant to, the common rules of evidence.
To prove fraud in the grantor, his conduct and his declarations before the conveyance may be the best, and often the only, evidence within the power of the creditor. He at that time is not interested, nor can it be his design, to injure those with whom he may afterwards contract. If fraud is thus proved upon him, then the knowledge of it on the part of the grantee is to be proved ; w'hich may be done by showing a trifling consideration, or none at all; by acts inconsistent with the bona fide ownership of the property ; by confessions of the nature of his bargain ; or by other circumstances, tending to show a knowledge of the designs of the grantor. Without this latter evidence, the former, as to the designs of the grantor, is wholly ineffectual to defeat the purchase ; and a jury, under the direction of the court, will always be able to discriminate; so that the purchaser will not be injured by the declarations of the grantor, unless he be proved to have been privy to his fraudulent designs.
But the declarations, conversations, or even the actions, of a grantor, after making his deed, ought not to be received in evidence, in prejudice of the title he has created; because he is *217 interested to have such title defeated by his creditors; and because the other party has a right to examine him upon oath, provided he is a competent, witness. Before he has conveyed, he is * an independent party, whose conduct may be examined, to ascertain the causes and motives of his conveyance. Afterwards he has no relation to the estate he has conveyed ; and his conversation respecting it, if sworn to on a trial, is mere hearsay, which is never received as evidence.
Two cases have been adjudged, which tend to establish this latter principle. The first is that of Bartlett vs. Delprat & Al. (4) There the declarations admitted were of a deceased supposed grantor, viz., that he had never made any conveyance to his son. The judge at the trial admitted evidence of that declaration; but a new trial was granted, and the principal reason assigned was, that no cure could be found, where the declarations of a party, so situated in point of interest, had been received as evidence. The declarations objected to in that case were made after a title was supposed to be created by deed, and tended to contradict and defeat that deed. The other case is that of Clarice vs. Waite, cited in the argument. There declarations of the grantor, both before and after the execution of the deed, tending to show that it was fraudulent, were rejected by the judge at the trial, and his decision was confirmed by the whole court.
This decision does not establish the inadmissibility of declara tians made before the deed, if connected with evidence of knowledge on the part of the grantee. The adjudication is not to be extended beyond the subject matter, which was a case of declarations made after the execution of the conveyance, as well as before, without any proffer of evidence tending .to show a participation in the fraud by the grantee.
There is nothing, therefore, in any settled decisions to interfere with our opinion in the present case; which is, that the conduct and declarations of the grantor, respecting the estate conveyed, and tending to prove a fraudulent intention on his part before the conveyance, is proper evidence for the jury upon an inquiry into *the validity of such conveyance, by a creditor or subsequent purchaser, who alleges it to be fraudulent (a)

Judgment on the verdict.

 [Bell vs. Coiel, 2 Hill, Ch. 109. — Varick vs. Briggs, 6 Paige, 323.— Lee vs Huntoon, 1 Hoff. 448. — Fitch vs. Chapman, 10 Conn. 8. — Ed.]

 4 Mass. Rep. 702.

 [Phœnix vs. Ingraham, 5 Johns. 412. — Ivatt vs. Finch, 1 Taunt. 141. — Davis & Al. vs. Spooner, 3 Pick. 284.— Woolway vs. Rowe, 1 Ad. E. 114.— Spargs vs. Brown, 9 B. & Cr. 935. —Phil. & Am. Ev. 8th Lond. ed. 315, 392, 416, 417, 448.— Greenl. Ev. 213, 214. The declarations of a person living at the time of the trial are *218 not in general admissible to affect the title of a party to the suit, unless they be a pari of the res gesta, or there be a privity of estate, or identity of interest between the person making them and the party against whom they are offered in evidence. — Ed.]