# JOHN W. BUTTS *et al. versus* SILAS TIFFANY and ESTES BALCOM.

In assumpsit against T and B as copartners in trade in 1836, the plaintiff, in order to prove that T was a dormant partner of B, produced witnesses to testify that T made offers to them in 1835, to go into copartnership in their names, and that he stated that he had done business before in the names of other persons, because he owed old debts, for the purpose of keeping his property secure from attachment. *Held*, that this evidence was relevant and admissible.

ASSUMPSIT to recover the price of goods alleged to have been sold and delivered to the defendants as partners.

Balcom was defaulted. Tiffany defended against the action, and the only question at the trial was, whether he was a partner at the time of the sale.

It appeared that on May 7, 1836, Balcom went to Providence and there entered into business as a trader, and that in November of the same year he removed to Douglas, where he hired a store and continued to do business as a trader. Tiffany went to Providence with Balcom and remained with him while there, and removed with him to Douglas, where he still continued in the store. The business was done in Balcom's name. Considerable evidence was offered by the plaintiff, tending to show that Tiffany was active in the business, that he acted as if interested as a partner, and that he stated to one or more persons that he was interested in the business, but that it was done in Balcom's name, as he (Tiffany) had formerly failed, and did not wish to be known in the business. Tiffany contended that he was only employed as clerk by Balcom.

The plaintiff offered one Coggshall as a witness, to testify in regard to certain statements and offers made by Tiffany to him in Douglas, relative to going into business, in 1835, as copartners in the name of the witness, and the manner he had done business before in the name of other persons, to keep his property secure from attachment. This the defendant objected to as not being competent evidence to show a copartnership with Balcom in 1836. But the judge overruled the objection, and the witness testified that he became acquainted with Tiffany

in 1835 ; that in September of that year he had a conversation with him ; that Tiffany said he could not do business in his own name, he had been in business before and had failed, and he owed some debts, and therefore he could not have any thing in his hands, and he was then doing business in one Church's name ; that Tiffany had a conversation with the witness about going into company with him, to use the witness's name ; that Tiffany said he could not use his own name on account of his old debts ; that Tiffany soon after did go into partnership with the witness, which continued two or three months, the business being done in the name of the witness.

Ziba Carpenter and Comfort Carpenter were called by the plaintiff, and inquired of as to declarations of Tiffany in 1835, in Douglas, respecting the manner in which he was then doing business in the name of another, and respecting a desire expressed by him to go into business with the witnesses and to make use of their names, stating to one of them as a reason for wishing to use his name, that he had old debts.

This evidence was objected to by Tiffany, but admitted by the judge.

The case was submitted to the jury to find for the plaintiff or the defendant, according as they should or should not find a copartnership existing between Balcom and Tiffany, and they returned a verdict for the plaintiff. The defendant excepted to the ruling of the judge in respect to the admission of the foregoing testimony.

*Oct. 9th.*

*Merrick* and *Washburn*, for the defendant, cited *Holcombe* v. *Hewson*, 2 Campb. 391 ; Roscoe on Evid. 36 ; 1 Phil. Evid. (6th ed.) 160.

*C. Allen, Child* and *Botham*, for the plaintiff.

*April term 1839.*

Shaw C. J. delivered the opinion of the Court. The only question tried in this case was between the plaintiff and Tiffany, whether Tiffany was a dormant partner of Balcom, and had an interest in the stock and profits of the concern as such, Tiffany insisting that he was a clerk in the employment of Balcom. Much evidence was given on both sides of this question. The plaintiff gave in evidence some statements and declarations of Tiffany, tending to show that he was interested in the business, but that it was done in Balcom's name, because

Tiffany had formerly failed, and did not wish to be known in the business.

In this state of the evidence, the plaintiff offered a witness to testify in regard to statements and offers made by Tiffany to him in Douglas, relative to going into business in 1835, in copartnership in the name of the witness, and the manner he had done business before to keep his property from attachment. The evidence was objected to, but admitted. Two other witnesses were called, who were objected to, but admitted, and who testified to nearly the same facts. To these admissions of evidence the defendant excepted, on the ground that they were irrelevant, that they had a tendency to prejudice the minds of the jury, but were not relevant to the fact involved in this issue, whether, in this particular case, he was a partner with Balcom. The Court are of opinion, that this evidence of Tiffany's declarations and proposals to others, the year previous to the time in question, and shortly before he made an arrangement of some kind to act with Balcom, was relevant and competent. It had a tendency to prove the purpose and intent of Tiffany, to transact business in fact for himself, but in the name of another, with a view to cover his property from attachment ; and it had a tendency to show that he had property, which he was desirous of employing in trade, though apparently insolvent. And in both these respects it was relevant to the issue. And we think it was so near before the time to which the question directly relates, as to lead to a reasonable conclusion that the same motives continued to be operative on his mind. It was objected to on the ground that it would be like proving that a party on trial had been previously guilty of one crime or fraud, to raise a presumption that he is guilty of another specifically charged. But we think the analogy does not hold. It is more like the case of a fraudulent conveyance, where it is necessary to prove the fraudulent intent of both parties, and the fraudulent intent and purpose of each may be proved by different kinds of evidence. *Bridge* v. *Eggleston*, 14 Mass. R. 245. If the question be, whether a particular conveyance was made with a fraudulent intent on the part of the grantor to defraud creditors, it would, I apprehend, be competent to prove, by the acts and declarations of the grantor, that before

the conveyance in question, he had such fraudulent intent ; and whether such intent continued and actuated him at the time of the conveyance, would be a question affecting the sufficiency and effect, and not the relevancy of such evidence. It is like the evidence of previous threats, to affect the character of a particular act.

The Court are of opinion that the evidence was propei y admitted, and that judgment is to be rendered on the verdict for the plaintiff.