## CURRIER *v.* TAYLOR AND TRUSTEE.

A party to a contract is not exonerated from its performance, on his part, by assigning it to another, who agrees to perform it, although the other party to the contract consent to pay such assignee whatever may be due on its completion.

A mortgage made by such assigning party to secure the fulfilment of the contract, is not voluntary and without consideration, nor is it void as against the mortgagee, in absence of proof of a fraudulent intent on his part, although the mortgager designed thereby to defeat and delay his creditors.

A trustee's disclosure cannot be admitted as evidence to vary and control the effect of a written contract, to which he was a party with the principal debtor, the effect of such evidence being to exonerate himself as trustee.

FOREIGN ATTACHMENT. It appeared on the trial that Taylor had entered into a contract with the trustee, Barnes, for the erection and finishing of a dwelling-house in Manchester. This contract was made in writing, on the ninth day of December, 1845. On the 31st of that month, it was assigned by Taylor to one Ezekiel Abbott, who agreed to perform the same, Barnes agreeing to pay to Abbott what was then due, or might become due, whenever the contract should be fulfilled.

This assignment was made in writing, on the back of the instrument, and signed by all the parties.

On the same day, Taylor executed a mortgage of certain property to Barnes, to secure him for the performance of said contract, he having advanced considerable money on the same. The plaintiff claimed to charge said Barnes for the property included in the mortgage, and introduced evidence tending to show that said Taylor acted fraudulently, so far as his creditors were concerned, in executing the mortgage. But there was no evidence tending to show any fraudulent intent on the part of Barnes.

The court instructed the jury that inasmuch as it did not appear that any intentional fraud had been committed by Barnes, but the mortgage was entered into in good faith by

him, it could not be declared void, even though Taylor contemplated a fraud upon his creditors, in the execution of the same. To which instructions the plaintiff excepted. A portion of the disclosure of Barnes went to explain and enlarge the assignment on the contract.

The plaintiff contended that that part of the disclosure could not go to the jury, the assignment being in writing; but the court ruled it in, under the provisions of the statute, to which the plaintiff excepted.

The plaintiff requested the court to instruct the jury that by the assignment to Abbott, Taylor became released from the contract, and that, therefore, there was no consideration for the mortgage, and that the trustee must be charged; but the court declined so to charge the jury.

The plaintiff moved to set aside the verdict, and for a new trial, for supposed error in the foregoing rulings and instructions of the court.

*Morrison,* for the plaintiff.

*D. Clark,* for the trustee.

WOODS, J. By the assignment of the building contract from Taylor to Abbott, and the agreement of Barnes to pay to Abbott, on the fulfilment of its terms, whatever balance there might be due, it is insisted by the plaintiff that Taylor was released, and no longer liable as before, to see the work completed. That the mortgage was, therefore, voluntary and without consideration, and void as to creditors of Taylor.

But nothing of that kind appears in the assignment. Barnes had advanced largely to Taylor upon the contract, and the latter continued liable to see it fulfilled. He could not exonerate himself by transferring the contract to another, nor does the assent of Barnes to this transfer have such an effect. Barnes simply agrees to pay to Abbott, as to the

Currier *v.* Taylor.

order of Taylor, the balance which should, upon accounting with the parties, be found due, deducting advances before that time made. The relinquishing of the contract by Taylor to Abbott, might well have furnished occasion to Barnes to desire and to take security for its fulfilment from the person with whom he at first contracted, and the only party who had become holden to him personally upon the contract. The mortgage cannot, for any such cause as that, be taken to be invalid or ill founded.

Any conveyance or assignment of property by a party, whether for a consideration of value or without, if made for the purpose of defeating and delaying the just claims of creditors, is, as against such creditors, fraudulent and void. But this rule does not extend so far as to involve an innocent grantee, or assignee for value, and without notice, in the consequences of such fraudulent intention. Whatever unlawful designs, therefore, might have influenced the mind of Taylor to give the mortgage, so long as there is no proof that Barnes partook of them, the conveyance is sound, and he has a perfect right to retain the property for the purposes of indemnity for which he received it. On these two points, the instructions to the jury are regarded by the court to have been correct. *Foster* v. *Hall*, 12 Pick. 89 ; *Bridge* v. *Eggleston*, 14 Mass. Rep. 245.

Upon another ground, however, the verdict must be set aside. " A portion of the disclosure of Barnes went to explain and enlarge the assignment written upon the contract." The written assignment was before the jury, and like other documents, drawn up in testimony of transactions, should have been left to perform the office for which it was designed by the parties who drew it. The creditors of Taylor, against whose interests and rights the verbal explanations of one of the parties to the writing were offered, cannot be required to relinquish anything to which that writing entitled them. The same right which Taylor himself would

have had to insist upon the terms of the writing as final and conclusive between the parties to it, his creditors representing him in this action likewise have.

The statute, in permitting the disclosure of the trustee to be laid before the jury, must be understood as intending that it should be used and treated like the testimony of a competent witness, and not as giving it any further effect, or as according to it the credit and force of any higher species of evidence. Every presumption exists against a contrary construction of the statute, and there is nothing in its phraseology which requires or would justify so unreasonable a construction. The objectionable evidence having been laid before the jury, the verdict must, for that cause, be set aside, and a

*New trial granted.*