SAMUEL WHITE *versus* ISRAEL CHADBOURNE.

In an action of trespass brought against an officer for attaching goods claimed by the plaintiff under a sale from the debtor, the officer claiming to hold the goods on the ground, that the sale to the plaintiff was in fraud of the rights of creditors, the declarations and acts of the plaintiff's vendor, made or done prior to the sale, and introduced by the defendant to show, that the sale was made with a fraudulent design, are admissible in evidence.

Such declarations and acts made or done long after the completion of the sale are not admissible.

The presence of the vendor in Court, when such evidence is offered, is no objection to the testimony, nor is it to be excluded by the subsequent call of the vendor as a witness by the defendant.

The presence or absence of the party to whom the goods were sold, when the declarations were made is immaterial.

It is always the privilege of a party to offer testimony to repel that of his adversary, notwithstanding the latter may have been introduced against his objection; and it has never been understood that the introduction of such rebutting testimony was an abandonment of the right to except to the ruling.

When testimony is objected to by a party, he should present to the presiding Judge specifically the grounds of objection. If this is not done and the testimony is admitted, the ruling cannot be treated as erroneous.

ON EXCEPTIONS from *Nisi Prius*, HOWARD, J., presiding.

TRESPASS against the sheriff for acts of his deputy in attaching a stock of goods, alleged to be the property of the plaintiff.

The facts sufficiently appear in the opinion of the Court.

*S. W. Luques*, for plaintiff.

1. The conversations with the plaintiff's vendor were inadmissible, because they were hearsay, and not assented to by the plaintiff, or in any manner brought home to his knowledge. The rule admitting the declarations of the plaintiff's vendor in cases of this kind has limits. 2 Phillips on Ev., Cowan & Hill's notes, part II, pp. 657, 658.

If, on the suggestion of fraud, the Court should limit the admissibility of testimony in proof of it to those declarations and acts of the vendor which were known to, and participated in, by the vendee, the rights of the vendee would be protected. *Clark* v. *Waite*, 12 Mass. 439; *Bridge* v. *Eggleston*, 14 Mass. 245.

The declarations and acts of the vendor ought to be admitted *de bene esse*, to be rejected, if the vendee was not shown to be a participator in the fraud. Such was the rule adopted in a previous trial of this case, and such seems to be the rule in *Clarke* v. *Waite*, before cited.

2. The defendant was allowed to introduce testimony to declarations of the plaintiff's vendor, made subsequently to the sale and attachment. This testimony was clearly inadmissible. *Bridge* v. *Eggleston*, before cited; *Edgell* v. *Bennett*, 7 Verm. 537; 2 Phillips Ev. 655, 656, 662, and cases there cited.

Some part of this testimony, it is said, was inadmissible, because the plaintiff's counsel waived his objection by calling for *all* the testimony, if any was to be admitted. Such a call was no waiver of the objection already made. It was proper to have all of a conversation, or all the testimony given, stated, if any was introduced.

3. It is said the documentary evidence the plaintiff objected to, was properly admitted, because the reasons for objection were not specifically stated by the plaintiff. It seems to us, that all that a fair and healthful practice requires, is the statement in the exceptions, that the testimony was objected to, and then the Court, *on examination*, will say whether the objection was well taken, especially when the testimony is *documentary*. *Comstock* v. *Smith*, 23 Maine, 210; *Emery* v. *Vinal*, 26 Maine, 295.

The statute does not contemplate that the *whole discussion* had before the Judge should be reported, or that all the reasons for objections shall be reduced to writing. The exceptions are to be reduced to writing in a " summary way."

4. It is said, that some of the testimony admitted and objected to by plaintiff, was immaterial. But the rule is, that where evidence as to matter of fact, although appearing unimportant, is admitted but objected to, and the Court have no means of ascertaining that it did not have an influence on the minds of the jury, exceptions to such admission must be sustained. *Warren* v. *Walker*, 23 Maine, 453.

*Eastman* and *Leland,* for defendant.

1. The objection made to the declarations of one of the vendors of the plaintiff, goes the length of insisting, that it was not competent for the defendant to show *any declarations* by one of the vendors, unless made in the *bodily presence* of the vendee.

To maintain the defence, it was necessary to establish two propositions: 1. That the vendors fraudulently intended, &c. 2. A participation in a fraudulent intent on the part of the vendees.

To prove the fraud of the *vendors,* their conduct and declarations before the conveyance may be the best evidence. Fraud on the part of the vendee being thus established, a knowledge of the intent of the vendor on the part of the vendee, is to be shown by other circumstances tending to show such knowledge. The first kind of evidence affects the vendor only, unless the defendant succeeds in connecting the vendee with it, and so the course of proof affecting the one or the other, is entirely distinct.

As to the position taken, that defendant should have called the vendors of the plaintiff themselves, we have only to say, that the declarations are facts, and not evidence of facts, and may be testified to as well by a third party as by the party who made them. *Howe* v. *Reed,* 12 Maine, 518; *Bridge* v. *Eggleston,* 14 Mass., cited by plaintiff; *Parker* v. *Merrill & als.,* 6 Greenl. 41; *Foster* v. *Hall,* 12 Pick. 99, 100, and particularly at p. 99.

2. As to the second exception, it is not sufficient for counsel when he objects to the testimony as *illegal, irrelevant* or *improper,* to state to the Court, that " he objects" merely. He must inform the Court and the opposing counsel *why* he objects. This rule is a salutary one in practice and is well settled. *Waters* v. *Gilbert,* 2 Cush., last clause in the opinion, at bottom of page 31; *Emery* v. *Vinal,* 26 Maine, 303; *Comstock* v. *Smith,* 23 Maine, 203; *Holbrook* v. *Jackson & al.,* 7 Cush. 154, 155.

3. Some of the testimony objected to was immaterial. It

is well settled, that the admission of immaterial testimony furnishes no cause of exception. *Flint* v. *Rogers,* 15 Maine, 67; 5 Pick. 219; 13 Maine, 439; 14 Maine, 201; 14 Maine, 141; *Smith* v. *Richards,* 16 Maine, 200; 30 Maine, 31.

4. It was competent for the defendant to show the declarations of Wm. White, one of the vendors of plaintiff, *about the time* of the pretended sale. Those made by him as a witness in 1853, were made while the plaintiff was in Court. These declarations, if made to Gilpatrick the judgment creditor, or to Hooper, his clerk, would have been admissible, even if not made under the solemnity of an oath.

These declarations were offered to prove the participation of the vendee in the fraud of the vendor.

The declarations of a party to a record, " or of one identified in the interest with him," are, as against such party, admissible in evidence. The case shows a complicity between the father and the sons, prior to the sale, and that after the sale the father employed the sons as his agents.

This evidence was legally admissible as the declarations of Wm. White, made by him " against his interest," and because of the privity between him and the plaintiff, the vendee. Where "an unity of design and purpose" has once been established, *it may be fairly and reasonably presumed, that the* admission of either one, with a view to the prosecution of that purpose, conveys the meaning and intention of all.

But the plaintiff waived his objection to this testimony by putting in himself further testimony of the same witness, to rebut that produced by the defendant. The question is not what counsel intended to do, but what was the practical effect of what he did do.

5. Where substantial justice has been done the parties by a verdict of a jury, the Court will not examine with a " critic's eye" to see whether some irregularity has not taken place at the trial justifying a new trial. *Baker* v. *Briggs,* 8 Pick. 126.

6. In reply to what is said by plaintiff's counsel upon the last exception, the defendant's counsel cited, in addition to

cases above, the following:—1 Stark. Ev. (ed. of 1830,) pp. 37, 38, § 21; Ib. p. 31, §§ 31, 33; Ib. pp. 50, 51, § 32; 1 Greenl. Ev. p. 229, § § 207, 208; 1 Greenl. Ev. p. 228, § 196; 1 Greenl Ev. p. 212, § 180; *B. & W. Railroad Corporation* v. *Dana*, 1 Gray, 102, 103; *Wheeler* v. *Rice*, 8 Cush. 208, and the cases referred to by BIGELOW, J., p. 208.

TENNEY, C. J. — The plaintiff claims to be the owner of the property in question, under a bill of sale dated Dec. 11, 1851, in consideration of an indorsement on a promissory note, which he held against the vendors, (the indorsement being for the agreed price of the goods,) and a delivery of the goods at the time of the execution of the bill of sale.

The defendant claims the right to hold the goods against the plaintiff, by virtue of an attachment made by his deputy, on Dec. 13, 1851, upon a writ in favor of John Gilpatrick, upon the ground, that the previous sale to the plaintiff was in fraud of creditors' rights.

Several questions arise on the rulings of the presiding Judge, in admitting evidence in defence, against the objection of the plaintiff, the verdict having been for the defendant.

The deposition of Stephen L. Hooper was introduced by the defendant, and he testified therein, to conversation with Samuel P. H. White, one of the plaintiff's vendors, prior to the time of the sale, not in the presence of the plaintiff, the said Samuel P. H. White then being in Court, and subsequently called by the defendant. It is well settled, that the declarations and acts of a debtor, respecting property, alleged by an attaching creditor thereof, or one representing him, to have been fraudulently conveyed to the party claiming it, made or done before the supposed sale, is admissible in evidence, if such declarations and acts have a tendency to show, that the sale was made with a fraudulent design. *Bridge* v. *Eggleston*, 14 Mass. 245; *Howe* v. *Reed*, 3 Fairf. 518. Such evidence becomes no less admissible, when the declarations and acts are in the absence of the party, to whom the sale is made. The one who alleges the fraudulent sale, must estab-

lish two propositions; one, that the vendor conveyed the property for the purpose of defrauding or delaying his creditors; and the other, that the vendee participated in the fraud. The former proposition, being distinct from the other, may be proved by statements and conduct of the vendor, unknown to the vendee. The presence of the vendor in Court, when such evidence is offered, is no objection to the testimony, which is not to be excluded by the subsequent call of the vendor as a witness by the same party.

The bill of merchandize sold to Lincoln Waterhouse, by the firm of S. P. H. & W. White, was objected to, but received in evidence.. The ground of the objection does not appear to have been presented to the Judge. He may not have been advised of the contents of the bill, in any respect; and unless his attention was brought to something upon the bill, which was legally objectionable, by the authorities cited by the defendant, his ruling cannot be treated as erroneous.

The same answer is properly made to the admission of the books of the firm. No specific objection was presented to the Judge; and it was not his duty without such specification, to examine either the bill or the books, in search of matter which might be incompetent as evidence.

The testimony given by William White, one of the firm of S. P. H. & W. White, at a trial between these parties, at the January term, 1853, was admitted against the plaintiff's objection. If this testimony was for the purpose of showing that the sale to the plaintiff was in fraud of creditors' rights, it does not become competent evidence by being under oath, if the statements are objectionable without being so verified. We are not aware, in cases like the present, that the declarations and acts of a vendor, long after the completion of the sale, have been held admissible, for the purpose of defeating the title, which, by a solemn contract, he had passed to, and perfected in, another. If this evidence was erroneously received, the plaintiff was thereupon entitled to exceptions. It is always the privilege of a party to offer testimony, to repel that of his adversary, notwithstanding the former may have

been introduced against his objection. And it has never been understood, that the introduction of such rebutting evidence was an abandonment of the right to except to the ruling; and no reason is perceived, why it should be so.

The introduction of the testimony of Eliza F. Jamerson, it is insisted, was not a ground for disturbing the verdict, because it was wholly immaterial. When the question, which elicited the answer that is the ground of exception was put, the plaintiff made objection thereto. This objection was insisted on at the trial. We think the answer had some tendency to show a relation between the plaintiff and his vendors of the property, touching the intention of one and the other in the transfer, unfavorable to the plaintiff's claim.

*Exceptions sustained, — verdict set aside, and new trial granted.*

RICE, CUTTING, and GOODENOW, J. J., concurred.