### Ephraim A. Gates *vs.* Albert L. Mowry.

The declarations of a grantor, after execution and delivery of the deed, and not in the presence of the grantee, are inadmissible against the grantee to prove the conveyance fraudulent against creditors, even if the grantor remains in possession at the time of making the declarations, and afterwards conveys part of the land in his own name to a third person, and procures a release of that part from the first grantee.

On the trial of a writ of entry to recover land as conveyed in fraud of creditors, the grantor, who remained in possession, and was called as a witness for the tenant, testified that he did not intend to delay or defraud his creditors, and that he afterwards conveyed away part of the land in his own name by mistake, supposing it not to be included in the first conveyance. *Held*, that evidence that he subsequently declared himself to be the owner of the land, and offered to mortgage it, did not tend to contradict this testimony, and was not admissible.

Writ of entry by the assignee in insolvency of John Mowry to recover land conveyed by him to his brother, the

tenant, on the 4th of April 1857, by a deed which the demandant alleged was made in fraud of creditors and of the insolvent laws.

At the trial in the superior court before *Russell*, J., there was evidence that ever since the making of the deed the tenant had not received or expected to receive anything for the crops, occupation or rent of the premises; and had told John that he might have the use of the land for taking care of it until the tenant could dispose of it; and that John had since had the use of it and paid the taxes on it.

The demandant offered to show that John, while thus in possession of the land, conveyed a portion of it in his own name to one Townsend. But this evidence was excluded.

John Mowry was called as a witness by the tenant, and testified that, at the time of making the deed to his brother, he was indebted to him in the amount of $ 250, which formed part of the consideration of the conveyance; and that, in making the conveyance, he did not intend any preference, or suppose himself to be insolvent, or intend to delay or defraud his creditors. On cross-examination he testified that on the 12th of May 1858, while continuing in possession of the premises, he sold and conveyed in his own name a portion to Townsend, and received in payment the purchaser's note secured by mortgage of the land; that when he did this, he had forgotten that the portion sold was included in the conveyance to his brother; that it had been so included by mistake, and that he afterwards requested his brother to release his rights in this portion to Townsend. And there was other evidence that the tenant, since the commencement of this action, executed such a release to Townsend.

The demandant then offered to prove by Townsend that John Mowry had declared, at the time of making the conveyance to him, that the land was his, and was free from all incumbrances; and that in the fall of 1858 John Mowry stated to one Reed that he owned the whole of the demanded premises, and offered to secure a debt due from him to Reed by a mortgage thereof. But this evidence was also excluded.

The jury returned a verdict for the tenant, and the demandant alleged exceptions.

*G. T Davis*, for the demandant.

*A. Brainard*, for the tenant.

METCALF, J.  The offered testimony of Townsend was properly rejected.  It would not have contradicted the testimony of Mowry, if it had been received; and it does not appear that it was offered for that purpose.  It was not admissible for the purpose of impeaching the tenant's title to the demanded premises; for a grantee's title cannot be prejudiced by declarations of the grantor made subsequently to the grant.  *Bridge* v. *Eggleston*, 14 Mass. 245.  *Aldrich* v. *Earle*, 13 Gray, 578.

The testimony of Reed, which the demandant offered, was also inadmissible for the purpose of impeaching the title of the tenant.  If admissible at all, it was only for the purpose of contradicting Mowry's testimony.  And if it be conceded that testimony was admissible for that sole purpose, although it would have tended also to impeach the tenant's title; yet it could not properly be admitted, unless the state of the other evidence in the case showed clearly that the legal tendency of such testimony would be to contradict the testimony which Mowry had given.  These exceptions do not show this prerequisite to the testimony which the demandant sought from Reed.  They do not set forth the circumstances under which Mowry stated to Reed that the land demanded in this suit was his, and offered to mortgage it to secure a debt due from him to Reed.  It does not appear that Reed and Mowry had any conversation concerning the previous conveyance of the land to the tenant, or that Reed then had any knowledge of it.  Mowry's offer to mortgage the land to Reed, and declaration that it was his, may have been, for aught that the exceptions show, a mere falsehood uttered by a debtor to a pressing creditor — a falsehood which did not contradict Mowry's testimony that his deed to the tenant was not fraudulent, any more clearly than it contradicted his testimony that he made that deed.  Certainly the offered testimony was not admissible to contradict Mowry's testimony that he made a deed to the tenant; for that was a

fact admitted by the demandant, and about which there was no dispute at the trial. Even if Mowry had actually mortgaged the land to Reed, that fact could not have been given in evidence to contradict Mowry's testimony that he had previously conveyed the land to the tenant, or his testimony that he conveyed it in good faith.

If it had appeared from the exceptions that Mowry had spoken to Reed, or Reed to him, concerning the conveyance to the tenant, and Mowry had declared that the land therein described was his, perhaps such declaration might have been admissible as tending to contradict his testimony that the conveyance was made *bona fide.* But, as the matter is presented to the court, in this bill of exceptions, it does not appear that Mowry's declaration to Reed had any reference whatever to the conveyance made to the tenant. And as the exceptions do not show affirmatively that Reed's testimony was wrongly excluded, they must be overruled. *Parmenter* v. *Coburn,* 6 Gray, 510.

*Exceptions overruled.*