## BENJAMIN B. TAYLOR *vs.* SAMUEL W. ROBINSON.

For the purpose of proving a fraudulent intent on the part of a grantor of real estate, evi‑ dence is competent to show that, on the same day of making the conveyance in question, he conveyed to near relatives all his other real and personal estate not exempt from seiz‑ ure on execution; but evidence of his subsequent acts and declarations is incompetent

In levying an execution upon land, interest on the judgment may be computed to the time when the levy is completed.

WRIT OF ENTRY. The demandant claimed title under a levy of an execution in his favor against Fanny Dean, commenced on the 19th of November 1859, and completed on the 31st of the following January. The tenant claimed under a prior deed to himself from Fanny.

At the trial in the superior court, the demandant, for the pur‑ pose of showing that the conveyance to the tenant was fraudu‑ lent as against the grantor's creditors, of whom he was one, offered evidence that, on the same day of making it, she con‑ veyed in mortgage all her other real estate to her daughter, and all her personal property, not exempt from seizure on execution,

to her nephew; and of other subsequent acts and declarations by her in relation to the same. It was not shown that the tenant knew of these transactions, and *Rockwell*, J. excluded the evidence.

In making the levy under which the demandant claimed, interest on the judgment was computed to the time when the levy was completed; and for this reason the judge ruled that the levy was void, and directed a verdict for the tenant, which was returned accordingly, and the case was reported for the determination of this court.

*E. H. Bennett*, (*T. D. Eliot* with him,) for the demandant, cited, on the first point, *Foster* v. *Hall*, 12 Pick. 89; and, on the second point, *Blanchard* v. *Brooks*, 12 Pick. 47; *Holmes* v. *Hall*, 4 Met. 419.

*C. I. Reed*, for the tenant, cited, on the second point, *Hall* v. *Crocker*, 3 Met. 245; *Hall* v. *Hoxie*, Ib. 251; *Cushing* v. *Arnold*, 9 Met. 23; *Cowls* v. *Hastings*, Ib. 476; *Pickett* v. *Breckenridge*, 22 Pick. 297.

Bigelow, C. J. 1. The evidence offered by the demandant to prove that the tenant's grantor, on the same day that she made the deed to him, also conveyed all her other real estate and all her personal property to her daughter and nephew, was competent as showing the fraudulent purpose and intent with which she acted in the disposition of her estate. It therefore tended to prove a portion of the issue on which the demandant's right to recover depended; and as the acts offered in evidence were contemporaneous with the deed to the tenant, they were not open to the objection that they were done after his title accrued, and when his grantor might have an interest to defeat it in favor of her creditors. *Foster* v. *Hall*, 12 Pick. 89, 99. The acts and declarations made subsequently to the grant to the tenant were inadmissible and rightly excluded. They had no legitimate tendency to prove the cause or motive of her conveyance to the tenant. They were made after the title had vested, and when she had no relation to the estate, or connection with it. They were in their nature hearsay, and irrelevant to the issue. *Bridge* v. *Eggleston*, 14 Mass. 245, 249.

2. The most important question in the case arises on the ruling of the court that the levy of execution, under which the demandant claimed title, was invalid, because the officer had caused to be appraised and set off sufficient land to satisfy not only the amount of the judgment and his fees, including interest to the day when the land was taken, but also the interest which had accrued on the judgment from the date of the taking to the time when the levy was completed. But it appears to us that this ruling was erroneous. It was probably based on the provision contained in Rev. Sts. *c.* 73, § 22 — which was in effect only an enactment of the rule as established by previous decisions of this court — that a levy is to be considered as made at the time when the land is taken. Interpreted literally, and without reference to the origin or reason of the rule thus established, this language of the statute is sufficiently broad and general to support the position that the present levy is invalid, because more land was set off than was necessary to satisfy the amount due on the execution at the time the land was taken. But it is to be remembered that the purpose of fixing definitively when a levy should take effect was to determine the point of time when the title of the creditor should vest, and, by holding it to be at the date of the taking, to prevent the creditor from losing his right as against persons asserting a title to the same premises by a subsequent conveyance from the debtor, or by attachments or seizures made after the levy was commenced. Inasmuch as some time must necessarily elapse after land is taken before the levy is completed, in order to give notice to the debtor, appoint appraisers, and determine the quantity and value of the land required in order to satisfy the execution, the right of a creditor to take his debtor's land would in many cases be of little practical value or advantage, if his levy could be defeated by any title which intervened between the seizure of the land and the time when the officer could complete the proceedings and make his return. But by making the subsequent steps in perfecting the levy to have a relation back to the date of the taking, the right of the creditor is fully protected against all intervening titles. But it would be a misapplication of the rule

Taylor *v.* Robinson.

to hold that it operated to prevent the creditor from obtaining full satisfaction of his execution by a levy on the debtor's land. The sole purpose of it was to fix a time for the vesting of the title, not to regulate or in any way to affect the amount or quantity of land which was to be appraised and set off to the creditor in satisfaction of the execution. The latter must depend on the sum which is due upon the execution when the land is appraised and the officer completes the service. Until that time the debtor or those claiming under him may retain the possession and use of the land, and enjoy the rents and profits; no title or seisin passes to the creditor, nor is the execution satisfied.

By *St.* 1847, *c.* 153, the right is secured to a creditor to obtain satisfaction on execution of the interest which has accrued on a judgment in like manner as to collect the amount of the judgment itself. Such is the precept to the officer. But this right would be defeated in many cases, if, in levying on real estate, no sum for interest could be included as due on the execution except that which was found to have accrued at the time the land was taken. If such be the rule, whenever the completion of a levy is delayed by causes over which neither the officer nor creditor can exercise any control, the amount due for interest cannot be reckoned in ascertaining the quantity of land which would be sufficient to satisfy the execution. This might cause a serious loss to a creditor, especially where the completion of a levy is delayed after the seizure by the existence of prior attachments on the premises under Rev. Sts. *c.* 97, §§ 34, 35. But there is no good reason for giving to the rule the application for which the tenant contends. On the contrary, it would pervert it from its original purpose, which was to secure and protect the rights of a creditor, and make it the instrument of defeating his right to obtain full satisfaction of his execution out of the real estate of his debtor. *Verdict set aside.*