[Nos. 1177 and 1178, August 28, 1907.]

EAGLE MINING AND IMPROVEMENT COMPANY, Appellant, v. MARY R. HAMILTON, et al, Appellees.

H. B. HAMILTON, Jr., Administrator of the Estate of H. B. HAMILTON, Deceased, MARY R. HAMILTON, et al, Appellees, v. EAGLE MINING AND IMPROVEMENT COMPANY, Appellant.

SYLLABUS (BY THE COURT).

1. A trust arising from agreement of parties, whether written or oral, is express, and must be manifested or proved, although it need not be created, by some writing.

2. The findings of the trial court on the nature and

terms of the trust in question in this cause are warranted by the evidence.

3. The correspondence between the president and the secretary and treasurer of a corporation and a person having cotemporary business transaction with it in relation to such transaction is admissible on the question of acquiescence on the part of the corporation in the statement of the nature and terms of the transactions which are the subject of the correspondence made by the other party to them in his letters to such officers.

4. In the trial of a cause by a judge without a jury, he must determine the weight and credibility of the evidence adduced, and this court will not ordinarily disturb a conclusion which, so far as appears, may have resulted from such determination.

5. The remedy for the failure of the judge trying the cause without a jury to make a finding on a material issue is not by appeal, but by a motion for further findings.

Appeal from the District Court for Lincoln County before EDWARD A. MANN, Associate Justice. Affirmed.

GEORGE W. PRICHARD, for Appellant.

Where upon a purchase of property the conveyance of the legal title is taken in the name of one person while the consideration or a part of it is given or paid by another not in the way of a loan to the grantee, a resulting trust immediately arises from the transaction, and the person named in the conveyance will be the trustee for the party from whom the consideration proceeds. Perry on Trusts, vol. 1, secs. 137 and 159, 5th ed.; Rhodes v. Green, 36 Ind. 11; Brice v. Roney, 18 Ill. 67; Tinsley v. Tinsley, 52 Ia. 14; Rankin v. Harper, 33 Mo. 579; Millard v. Hathaway, 27 Cal. 119; Shelley v. Tardy, 84 Calif. 327; McNamara v. Garrity, 106 Ill. 384; Bear v. Keenigstein, 16 Neb. 65; Barren v. Barren, 24 Vt. 375; Lloyd v. Carter, 17 Pa. St. 216; Lyford v. Hunston, 16 N. H. 399; Cooper v. Sperle, 14 Ia. 578; DeCordova v. Korte, 7 N. M. (1895) 679.

Express trusts in realty cannot be proved by parol whenever the statute of frauds, or the substance of the stat-

ute is in force. Ducie v. Ford, 138 U. S. 587; Fitzgerald v. Fitzgerald, 168 Mass. 488; Bickford v. Bickford, 68 Vt. 525; Keller v. Strong, 104 Ia. 585; Moore v. Horseley, 158 Ill. 36; Thomas v. Churchill, 48 Neb. 266; Ferrard v. Bishoor, 9 Colo. 291; Rogers v. Rainey, 137 Mo. 598; Levis v. Kengle, 197 U. S. 234; Perry on Trusts, vol. 1, secs. 24 and 79; Scott v. Harris, 113 Ill. 447.

The trustee can make no profits to himself by dealing with a trust fund. Perry on Trusts, vol. 1, sec. 128, pages 2, 432, 232 and 433 and foot notes; Weaver v. Ferlen, 110 Ill. 146; Bent v. Prest, 86 Mo. 475.

Self serving declarations of a party are hearsay, and are not evidence in his own behalf unless it constitutes a part of the res gestae, and this is true whether the declarations are written or spoken. Boston and Albany Railroad Company v. O'Reilly, 158 U. S. 33; Beach v. The West & Atlantic Railroad Company, 93 Ga. 785; Mitchan v. Schwessler, 28 Ala. 635; Atlantic Street Railroad Company v. Walker, 93 Ga. 462; Huling v. Huling, 32 Ill. App. 519; Cain v. Cain, 140 Pa. St. 144; Smith v. Eyre, 161 Pa. St. 115; Strickney v. Billings, 30 Hun. (N. Y.) 304; Trimmer v. Trimmer, 13 Hun. (N. Y.) 182; Freeborn v. Smith, 2 Wall. U. S. 160; Loomis v. Stevens, 18 Md. App. 184; Webber v. Hayes, 117 Mich. 256; Am. and Eng. Enc., vol. 15, 310; Best on Evidence, vol. 2, 289; Tuthill Spring Co. v. Shaver Wagon Works (1888) 35 Fed. Rep. 644; First National Bank of Xenia, Ohio, v. Stewart (1885) 114 U. S. 224; McGenness v. Adriatic Mills (1874) 116 Mass. 177, 181; Bank of Monroe v. Field (1842) 2 Hill (N. Y. Sup. Ct.) 445; Morse v. Connecticut River R. R., 6 Gray (72 Mass.) 450; Fairlie v. Hastings (1803) 10 Vesey 123 and note 1; Greenleaf Ev., sec. 113; Trustees Baptist Church v. Brooklyn Fire Ins. Co. (1863) 28 N. Y. 153, 159, 160; Germania Safety Vault Co. v. Boynton, 71 Fed. Rep. 797, 37 U. S. App. 602, 19 C. C. A. 118; Goddard v. Crefield Mills (1896) 75 Fed. Rep. 818, 821; Chicago, Milwaukee & Saint Paul Ry. Co. v. Belliwith (1897), 83 Fed. Rep. 437, 442; Holmes v. Montauk Steamboat Co. (1899) 93 Fed. Rep. 731, 736; Brush Electric Co. v. City Council of Montgomery (1896)

114 Ala. 433, 444, 21 So. Rep. 960; Garner v. Hall (1898) 122 Ala., 221, 229, 25 So. Rep. 187; Mobile etc. R. R. v. Cogsbill (1888) 85 Ala. 456, 5 So. Rep. 188; Ricketts v. Birmingham St. Ry. Co. (1888) 85 Ala. 600, 5 So. Rep. 353; Henry v. Northern Bank of Alabama (1879) 63 Ala. 527, 537; Terry v. Birmingham National Bank (1890) 93 Ala. 599, 609, 9 So. Rep. 299; Hall v. Mobile R. R. (1877) 58 Ala. 10, 24; Love v. Anchor Raising Co. (1896) (Calif.) 45 Rep. 1044, 1046; Extension Gold Mining Co. v. Skinner (1901) 28 Colo. 237, 64 Pac. Rep. 198; Lieberman v. First National Bank of Wilmington (1898) (Del.) 40 Atl. Rep. 382, 385 (1900) 45 Atl. Rep. 901, 2 Pen (Del.) 416; Fairfield Co. Turnpike Co. v. Thorp (1839) 13 Conn. 172; Florida Midland R. R. v. Varnedoe (1888) 81 Ga. 175, 185; Evans v. Atlanta R. R. (1876) 56 Ga. 498, 500; Wheeler v. Home Savings Bank (1900) 188 Ill, 34 N. E. Rep., citing 111 U. S. 164; Chicago & Eastern Illinois R. R. v. Hay (1887) 119 Ill. 493, 503; Sweetland v. Ill. Tel. Co. (1869) 27 Iowa 433, 443, 458, citing Greenleaf p. 113; Empire Mill v. Lowell (1899) 77 Iowa 100; Atchison R. R. v. Osborn (1897) 58 Kans., 768 Pac. Rep.; Acme Harvester Co. v. Madden (1897) 4 Kans. App. 598, 604; Chesapeake R. R. v. Smith (1897) 101 Ky. 104, 110; Graddy v. Western Union Tel. Co. (1897) 19 Ky. Law Rep. 1455; Louisville R. R. v. Beauchamp (1900) Ky. 55 S. W. Rep. 716; Hill v. New Orleans R. R. (1856) 11 La. Ann. 292; Polleys v. Ocean Insurance Co. (1837) 14 Me. 141; City Bank v. Bateman (1826) 7 Harris & Johnson (Md.) 104; Gillmore v. Mittineague Paper Co. (1897) 169 Mass. 471; Tripp v. Metallic Packing Co. (1884) 137 Mass. 499; Mott v. Detroit R. R. (1899) 120 Mich. 127; Peck v. Detroit Novelty Works (1874) 29 Mich. 312; Kalamazoo Novelty Co. v. McAllister (1877) 36 Mich. 327; Green's Brice 425 and note; Reem v. St. Paul Ry. Co. (1899) 77 Minn. 503; Browning v. Hinkle (1892) 48 Minn. 544; Hannibal R. R. v. Green (1878) 68 Mo. 169; Kearney Bank v. Froman (1895) 129 Mo. 427; Bangs Milling Co. v. Burns (1899) 152 Mo. 351-381; Kennedy v. Otoe County Bank (1878) 7 Neb. 59; Low v. Connecticut R. R.

Mining Co. v. Hamilton.

(1864) 45 N. H. 370-381; Ashmore v. Pa. Towing Co., 38 N. J. 13; First National Bank v. Ocean National Bank (1875) 60 N. Y. 278, 296, 19 Ann. Rep. 181; Johnson v. Union Switch & Signal Co. (1892) 29 N. E. Rep. 964, 129 N. Y. 653; Merchants National Bank v. Clark, (1893) 139 N. Y. 314, 34 N. E. Rep. 910; Kay v. Metropolitan Street Railway (1900) 163 N. Y. 447, 57 N. E. Rep. 751; East Line R. R. v. Garrett (1879) 52 Texas 133; Blain & Kelly Co. v. Pacific Express Co. (1887) 69 Texas 74, 76, 6 S. W. Rep. 679.

Section 3021, Compiled Laws of 1897, applies to individuals and not to corporations. 1st Greenleaf's Evidence, Wigmore's 16th ed., sec. 333, b. note 3, citing Corliss in St. John v. Lofland (1895) 5 N. Dak. 140; Voss v. King (1899) 33 West Va. 236, 10th S. E. Rep. 402, 404; Carlton v. Mays (1875) 8 W. Va. 245; Owens v. Owens (1878) 14 W. Va. 88, 94; 1 Wigmore Evidence, sec. 578; Thayer v. El Plomo Mining Co. (1890) 40 Ill. App. 344; Pipe v. Steel (1842) 2 Adolphus & Ellis (new series) 733, 42 English Common Law Reports 888; Thompson on Corporations, vol. 2, sec. 1952; Keithley v. Stafford (1888) 126 Ill. 507, 515; 1 Greenleaf Evidence, sec. 332, note 1, 15th ed. (1892); Compiled Laws, 1897, sec. 3016.

"Managing officers of corporations, have power to employ attorneys." Thompson on Corporations, vol. 4, secs. 4627 and 4866; American Insurance Co. v. Oakley (1842) 38 Amer. Dec. 561, 564; Southgate v. Atlantic Railroad Co., 61 Mo. 89, 94; Western Bank v. Gillstrap, 45 Mo. 419.

Where there is no substantial conflict of evidence, the court will upon proper presentation, deduce proper decision resulting from the evidence found in the record, reversing the judgment if it be found upon insufficient evidence, or has been against sufficient evidence. Spelling New Trial, Appellate Practice, vol. 2. sec. 681.

A trustee is forbidden to charge interest especially when he has advanced no money in the interest of the trust estate. Perry on Trusts, vol. 2, secs. 904 and 910; Compiled Laws 1897, sec. 2550; Tracy v. Graves R. Co., 84 Mo. 210.

The findings of the court must respond to and cover all material issues raised by the pleadings. Billings v. Everett, 52 Calif. 663; Perry on Trusts, vol. 1, sec. 253; vol. 2, sec. 592; Gray v. Taylor, 2 Ind. App. 155; Knight v. Roche, 56 Cal. 17; Benjamin v. Levi, 39 Minn. 11; Bryson v. Bryson, 90 Calif. 328.

JAMES G. FITCH, for Appellees.

Where plaintiff relies upon an agreement creating an express trust, a resulting trust cannot arise by implication of law. Dunn v. Zwilling, 94 Iowa, 233, 62 N. W. 746; Byers v. McEniry, 117 Iowa, 499, 91 N. W. 797; Leggett v. Dubois, 5 Paige Chy. 114 (N. Y.); 15 Am. and Eng. Enc. Law, 1124 and 1134; 1 Perry on Trusts, secs. 124-126, 134, 137, 139; 1 Lewin on Trusts 262; Walden v. Skinner, 11 Otto, 577, 25 L. 963; 2 Story Equity Juris., sec. 980; 26 Am. and Eng. Enc. Law 859; 28 Am. and Eng. Enc. Law 884; 1 Jones on Mortgages, secs. 331, 332.

Express trusts in land may be established by any subsequent acknowledgment of the trustee in writing, whether the same is contained in an express declaration or a mere memorandum or letter, nor does it appear to be essential that such memorandum or letter should at the time have been communicated to the cestui que trust. 1 Perry on Trusts, secs. 79-82; 1 Lewin on Trusts, 53, 55 and 56; 47 Century Digest, Trusts, secs. 26-28; Montague v. Hayes, 76 Mass. 609; Anstice v. Brown, 6 Paige Chy. 448.

Notice to the head of a corporation, having superintendence over all inferior officers and agents, is necessarily notice to the body. The corporation is bound through ratification by silence. 4 Thompson on Corporations, sec. 5228; Union Gold Mining Co. v. Rocky Mountain Nat. Bank, 96 U. S. 640, 24 L. 648.

"To establish a trust the evidence must all be in writing, and sufficient to show that there is a trust, and what it is. Parol evidence cannot be resorted to for the purpose of supplementing or aiding the proof furnished by written admission." Cook v. Barr, 44 N. Y. 156.

A stockholder, under the New Mexico statute which

extends to or is construed by the courts to extend to parties in interest where the estates of deceased persons are involved, is held to be an interested party in a suit in which a corporation is involved, and as such, his evidence is not admissible.   N. M. Compiled Laws 1897, sec. 3021; Gildersleeve v. Atkinson, 6 N. M. 250; Byerts v. Robinson, 9 N. M. 427; Merriman v. Wickersham, 141 Calif. 567, 75 Pacific 180; Savings Bank v. Slattery, 166 Mo. 620, 66 S. W. 1066; 1 Greenleaf on Evidence, secs. 332 and 333; Arrott Mills Co. v. Way Mfg. Co., 143 Pa. 435, 22 Atl. 699; Foster v. Palmer, 107 Pa. 305; Killer v. West Co., 39 Hun. (N. Y.) 348; Story v. First National Bank, 24 Ky. Law Rep. 1799, 72 S. W. 318; Kentucky Stove Co. v. Bryans, Admr. 27 Ky. Law Rep. 135, 84 S. W. 537; Cons. Ice Mach. Co. v. Kiefer, 134 Ills. 481, 25 N. E. 799; First National Bank v. Owen, 52 Iowa 107, 2 N. W. 980; Farmers' Union Elevator Co. v. Syndicate Ins. Co., 40 Minn. 152, 41 N. W. 547; National W. & C. Co. v. Smith, 108 Ills. App. 477; Anthony Ittner Brick Co. v. Ashby, 198 Ills. 562, 64 N. E. 1109; Christianson v. Denham Co., 75 Ills. App. 267; Morehead Banking Co. v. Walker, 121 N. C. 115, 28 S. E. 253; Modlin v. Turnpike Co., 48 Ind. 492; Huntington Co. v. Thornburg, 46 W. Va. 49, 33 S. E. 108.

The assessment of 1897 was made against the estate of R. C. Parsons and for that reason was void.  Territory v. Perea, 10 N. M.  362, 62 Pacific 1094; Stewart v. Commissioners of Bernalillo County, 11 N. M. 517, 70 Pac. 574.

### STATEMENT OF FACTS

These cases, originally numbered 1444 and 1539 in the District Court for Lincoln County, were consolidated and tried together by Mann, J., without a jury, and were so heard in this court.

The appellees are the administrator, the widow and the heirs of Humphrey B. Hamilton, to whom by two deeds, Exhibits "A", "B", in the record, were conveyed certain interests in the Hopeful Lode Mining Claim and Mill Site in the County of Lincoln, New Mexico.  The

first deed bears date April 15, 1901, the other March 4, 1902. They were delivered to Hamilton June 30, 1902. The parties are agreed that the said Hamilton held the property conveyed by those deeds in trust for the Eagle Mining & Improvement Company, the appellant; but they differ as to whether the trust was express, and out of that difference arise the principal questions now before us.

The appellees claimed that the appellant was indebted to the said Hamilton in the sum of $10,500 in connection with the transaction to which the two deeds above named relate, with interest from the day of delivery, June 30, 1902, and the further amount of $10,000 for services as the general attorney of said company for about two years, and that he had a lien on the property so conveyed to him for the total amount of such indebtedness. The appellant admits that it owed Hamilton $9,500 less certain payments, but claims it was for all services including what he did in obtaining said deeds; denies that he had a lien as claimed, or was entitled to interest. The appellant also alleged in its answer to the complaint of the appellees, in case No. 1539, that it was the owner of the premises conveyed by said deeds under certain tax deeds, and that was denied by the appellees, the plaintiffs in said cause, in their replication.

In the first cause the plaintiff, here the appellant, prayed for conveyance to itself of the property conveyed to Hamilton by said deeds. In the second, the plaintiffs, here the appellees, pray that an account be taken and that in default of payment by the defendant of the amount found to have been due from it to the said Hamilton at his decease, the said property be sold to pay such indebtedness.

### OPINION OF THE COURT.

ABBOTT, J.—That there was between the Eagle Mining & Improvement Company and Humphrey B. Hamilton a parol agreement under which he purchased the property conveyed to him by the two deeds above named is not practically in dispute between the parties, and as

to most of its details they do not differ. Hamilton was to have the property deeded to himself, he was to receive from the company $15,000 for the purchase of it, and was to have and retain for himself the excess of that amount above what he might have to expend to obtain the property. He was, besides, to waive his claim under an agreement with one E. S. Parsons for a commission on the sale of the interest of the latter in certain property which he conveyed to the Eagle Mining & Improvement Company direct. As to other particulars of the agreement between them, the parties differ. We think, however, that the undisputed evidence proves an express rather than a resulting trust. The difference between an express and a resulting trust is that the latter results or arises from circumstances which may be proved by any legal evidence, verbal or written; while the former is created by agreement not necessarily made in writing, but which must be manifested or proved by writing. Perry on Trusts, sections 26 and 79; Kronheim v. Johnson, 7 Ch. D. 60; Austice v. Brown, 6 Paige Ch. 448, 453.

The judge who heard the cause found that the letters from Hamilton to the appellant or its officers in relation to the subject matter, which were apparently not questioned by them at the time, established an express trust. That such writings are legally sufficient for that purpose is well settled. Perry on Trusts, Sec. 82; Uran v. Coats, 109 Mass. 581; Steers v. Steers, 5 Jones Ch. 1.

That being the case, it was for him to decide what were the terms of the agreement from the evidence. He found that the appellant agreed to furnish to Hamilton $15,000, which was to include the purchase price of the interests in land conveyed by the two deeds first above referred to, his pay for making the purchase and compensation for giving up the claim against E. S. Parsons above named, but not for other services rendered by him. In fact, there remained an amount, after deducting the purchase price, which would seem to be more than a liberal compensation for the services probably performed by Hamilton, but that is judging after event. It might have proved to be necessary to

pay the entire $15,000 for the interests acquired, and in that case Hamilton would have been entitled to nothing for his services to the appellant in that matter, and nothing on account of his claim against E. S. Parsons. The Trial Judge found, too, that Hamilton was not .bound to give up the title to the property in question until he received the amount to which he was entitled from the appellant for services rendered in the purchase of it; in effect, that he had a lien on it for that sum. That was in accordance with repeated statements in writing made by Hamilton to officers of the appellant corporation, and not questioned by them.

But the terms of the agreement were to be determined in the trial court, and were so determined, on evidence which seems to us amply sufficient to sustain the findings there made. The same is true of the findings that Hamilton was employed as the general counsel of the appellant, was entitled to compensation for services rendered in that capacity, and that the amount claimed therefor was reasonable. It is true that the evidence on some or all of these points was conflicting, but the weight and credibility of the evidence adduced were for the Trial Judge to determine, and if in the course of the trial he came to the conclustion that any witness had .testified falsely in a certain particular, he had the right to disregard all his testimony. That this court will presume a finding of fact was properly made unless the contrary plainly appears is too well established to require discussion.

The appellant alleges error in the admission of the correspondence between Hamilton and Tilden, its president, and Sturgeon, its secretary and treasurer, on the ground that the statements in Hamilton's letter were self-serving, and that it did not appear that the officers named had any authority from the board of directors or otherwise to bind the corporation in the matter in question, especially since, as the appellant claims, it was a past transaction. The correspondence related to co-temporary transactions, to the trust which had not been terminated by per-

Mining Co. v. Hamilton.

formance of its conditions, and to the services of Hamilton which were then being rendered.

As we have seen, it was found by the Trial Court that the letters of Hamilton proved the existence and contained the terms of the express trust between the parties. They also contained statements relating to Hamilton's services as general attorney for the appellant. The only effect given to the letters from the appellant's officers was that of acquiescence in the correctness of the statements in Hamilton's letters. It was not claimed that liability was created in that way, but that liabilities to and by the corporation which had been created in another way were not disavowed, but recognized as existing. It does not appear that the findings of the court depend on this correspondence, since there was other evidence, including letters between Hamilton and Rice, the appellant's general manager, who it was claimed in its behalf was the only one who could bind it in such matters; but it is clear, we think. that the evidence was admissible on the question of acquiescence. Union Gold Mining Co. v. Rocky Mountain National Bank, 96 U. S. 640; 4 Thompson on Corporations 5228.

The eleventh assignment of error relates to the tax title set up by the appellant, and alleges a refusal by the court to rule on that question. We find no such refusal in the record. If the appellant considered that a material issue had been raised by its claim of title under tax deeds and the denial of appellees, its remedy for the omission of the court to find specifically on that point was not by a motion for a new trial, but by an application for further findings: Warner v. Foote, 40 Minn. 176; Eakin v. McCarthy, 2 Wash. Terr. 112; Bakersen v. Gilbert, 55 Minn. 334.

No such application was made by the appellant, although the court had made the same omission in a memorandum opinion filed in the cause during its progress, to which the appellant had filed numerous specific objections without mentioning the failure to refer to the tax title, which could hardly have escaped notice.

The appellant claims that there was error in allow-

ing interest on the sum found to be due the defendant under the terms of the trust, on the ground especially that "he can make no profit of his office." The claim of Hamilton was for services in obtaining deeds of the property to himself, and not for anything done after he became trustee. The Trial Court found that at a certain date he had done all that he had agreed to do for the appellant in relation to the property he held in trust, except to convey that property to it, and that he was ready and offered to make conveyance on the compliance by it with the terms of the trust, and on that state of facts found, we think correctly, that he was entitled to interest on the compensation he was to receive from the time it became due. Armijo v. Abeytia, 5 N. M. 533; Cyc. 22, 1495.

Judgment sustained.