State ex rel. New Mexico State Bank v. Montoya, 22 N. M. 215.

---

[No. 1891, September 20, 1916.]
STATE ex rel. NEW MEXICO STATE BANK
v. MONTOYA.

### SYLLABUS BY THE COURT.

**Held,** that the constitutional limitation appearing in section 23 of article 4 of the Constitution, providing that laws shall go into effect 90 days after the adjournment of the Legislature enacting them, except general appropriation laws, etc., is a limitation upon the right of the Legislature to provide a shorter period than 90 days after the adjournment of the Legislature when legislative enactments shall become effective.

Appeal from District Court, Socorro County; M. C. Mechem, Judge.

Petition by the State, on the relation of the New Mexico State Bank, for mandamus to Max Montoya, Treasurer of Socorro County. From a judgment for defendant, plaintiff appeals. Affirmed.

JAMES G. FITCH of Socorro, for appellee.

BARNES & NICHOLAS of Socorro, for appellant.

### STATEMENT OF FACTS.

This is an action in mandamus against the county treasurer of Socorro county, N. M. The petition recites that the relator, the New Mexico State Bank of Socorro, N. M., on June 14, 1915, applied to the board of county commissioners of Socorro county to be designated a depository of public funds of said county under the provisions of chapter 57 of the Laws of 1915, and under the direction of said board executed a · bond in the sum of $17,000, which was duly approved, and took other steps necessary to qualify as a depository of such funds, all of which was approved by the said board on June 26, 1915, and that the respondent is and was at the time of the relator's said application and qualification, the duly elected and acting treasurer of said county and had in his hands as such, subject to deposit under the provisions of said act, the sum of $100,000, of which amount the relator was entitled to receive the sum of $15,000; that respondent had refused to deposit said sum of $15,000 with the relator as it was his duty to do under the provisions and requirements of said act, or to deposit any other sum. The answer makes no question as to the qualification of the relator, or as to the fact of defendant being county treasurer of said county and having in his hands the funds stated in the alternative writ, but sets up as a defense that at the time the relator made application to be designated as a depository of public moneys, and at the time the said application was approved, said chapter 57 of the Laws of 1915 was not in effect. On July 21, 1915, the relator filed a motion to quash the answer and return on the ground that the same was insufficient and presented no defense to the alternative writ. Thereafter the trial court entered an order overruling the motion to quash, denying the peremptory writ, and dismissing the case, from which judgment this appeal was prayed.

### OPINION OF THE COURT.

HANNA, J. (after stating the facts as above.)—The appellant in his argument seems to assume that an attack by appellee is made upon his motion to quash the

answer which was filed in the court below, and cites authority in support of his contention that this was the proper procedure for him to follow. By the brief of appellee, however, it appears that no attack of this character is seriously urged, and appellee takes the position that the motion to quash respondent's answer was rightly overruled and evidently elects to present the question upon its merits, rather than upon one of technical procedure.

This court held, in a recent opinion in the case of State ex rel. Garcia v. Board of County Commissioners, 22 N. M. ........, 157 Pac. 656, that an answer to an alternative writ of mandamus under our statutes may assign any legal reasons upon which respondent relies to defeat the issuance of the peremptory writ, as well as plead the facts, if any exist, upon which he relies to defeat the issuance of the same.

The present case, like the Garcia Case, raises a legal question by the answer to the writ, and the point relied upon by appellant for a reversal is that the alternative writ states a clear case of qualification by relator under the terms and provisions of chapter 57, Laws of 1915, to receive public funds of Socorro county, N. M., on deposit; that the respondent, the treasurer of said county, was under a legal and absolute duty to make the deposit applied for under the terms of said act; that he was in a position to do so, and failed and refused so to do; that the performance of his official duty in the premises can be properly enforced by mandamus, and in refusing to compel performance of this duty the trial court committed error.

The propriety of the ruling of the trial court in dismissing the motion to quash and sustaining the legal objection set out in the answer is the sole ground of inquiry to which our attention is directed. The legal question raised by the answer was whether or not chapter 57, of the Laws of 1915, is a valid legislative enactment, and whether or not said act was in force at the time relator undertook to invoke its provisions to compel the relator to perform the duties imposed upon him by said act. If it was not a valid legislative enactment, or if it was not

in force at the time, the action of the trial court was correct, and this, therefore, is the sole point to be determined.

By the act in question it was provided that the act should go into effect and be in full force from and after January 1, 1917. The act was approved March 12, 1915, and is asserted to be in conflict with section 23 of article 4 of the Constitution of New Mexico, providing as follows:

"Laws shall go into effect ninety days after the adjournment of the Legislature enacting them, except general appropriation laws, which shall go into effect immediately upon their passage and approval. Any act necessary for the preservation of the public peace, health or safety, shall take effect immediately upon its passage and approval, provided it be passed by two-thirds vote of each House and such necessity be stated in a separate section."

Appellant relies upon the opinion of Mr. Justice Lamar in the case of Lake County v. Rollins, 130 U. S. 662, 9 Sup. Ct. 651, 32 L. Ed. 1060, which, briefly stated, lays down the rule that:

"The objection of construction, applied to a Constitution, is to give effect to the intent of its framers, and of the people in adopting it. This intent is to be found in the instrument itself; and, when the text of a constitutional provision is not ambiguous, the courts, in giving construction thereto, are not at liberty to search for its meaning beyond the instrument."

It is argued that the constitutional provision in question means what it says and that all laws shall go into effect 90 days after the adjournment of the Legislature enacting them, other than those in the excepted classes, and that section 24, c. 57, of the Laws of 1915, is in direct and positive conflict with the provision of the Constitution, in that it attempts to make the enactment take effect and be in force at a date later than 90 days after the adjournment of the Legislature enacting it.

Appellant further contends, under the authority of the case of Supervisor v. Stanley, 105 U. S. 305, 26 L. Ed. 1044, that:

JANUARY TERM, 1916. 219

State ex rel. New Mexico State Bank v. Montoya, 22 N. M. 215.

"The general proposition must be conceded that, in a statute which contains invalid or unconstitutional provisions, that which is unaffected by these provisions, or which can stand without them, must remain. If the valid and invalid are capable of separation, only the latter are to be disregarded."

And that therefore section 24 of chapter 57, being in conflict with the constitutional provision on that subject, would fail, and the remainder of the act, being in no sense dependent upon that proivsion, and being complete within itself, would take effect, according to the constitutional requirements, 90 days after the adjournment of the Legislature enacting it. This being so, it was in full force and effect at the time the relator made application to be designated under it to be a depository of the public funds of the county, and that respondent, when the relator had qualified, violated the express requirements of the act, and failed in the performance of his duty as required by it, and the performance of this duty should have been required by peremptory writ of mandamus.

These contentions of appellant are answered by appellee on the theory that section 23 of article 4 was intended as a prohibition against laws (except as therein provided) taking effect within the 90-day period, and not as a prohibition against their taking effect after the lapse of such period.

It is pointed out by appellee that Mr. Justice Lamar, in the same opinion (Lake County v. Rollins), used the following language:

"If the words convey a definite meaning which involves no absurdity nor any contradiction of other parts of the instrument, then that meaning, apparent on the face of the instrument, must be accepted."

In this connection, appellee points out that, in the construction of the constitutional provision such as the one under consideration, the Constitution as a whole must be examined, and, if different portions seem to conflict, the courts must harmonize them, if practicable, and give such a construction as will render every clause operative. A

number of provisions in our state Constitution are pointed out as either contemplating or requiring that certain laws shall not go into effect until after the expiration of the ninety-day period. The other provisions of the Constitution referred to are, first, the provision for legislative reapportionment, appearing at the end of article 4 of the Constitution, which, it is suggested, could not go into effect at the end of 90 days without cutting off the term of all members of the Legislature affected by such reapportionment; and it is contended by appellee that it was evidently the intention that the reapportionment should take effect only at the next election of members of the Legislature.

Again, it is suggested that by section 27 of article 4, prohibiting the changing of compensation of any officer during their term of office, the Legislature is precluded from passing a law for such changing of compensation, if desired, unless the act should be designed to go into effect at a period later than 90 days after its enactment; thus affording another illustration of legislation which could not be made effective under the provisions of section 23 of article 4. Appellee also points out that the Constitution gives the Legislature a free hand in the organization of counties by general law, and that it may abolish in time all of the present county offices and provide new offices with new powers, duties, and functions, but that by reason of the provisions of section 2 of article 10, to the effect that all county officers shall be elected for a term of two years, it would appear that the Legislature would not be able to legislate any of these county officers out of office during the term for which they were elected by abolishing their office; hence, such a law could not go into effect until the two-year term had expired.

Upon these several contentions and upon a further argument that in this country it has been quite common practice, both in Congress and in the several states, to provide for the taking effect of legislative enactments at often longer periods of time after the passage of the acts and that the intent of the Constitution in the limitation of 90 days, as referred to in the provision under consid-

State ex rel. New Mexico State Bank v. Montoya, 22 N. M. 215.

eration, and the purpose to be served thereby, is to prevent the practice of making laws take effect immediately upon their passage, and before they could become known to the public, which intent and purpose have resulted in the adoption of constitutional provisions similar to the one under consideration, but that such limitations do not inhibit the fixing of a later time than that of the constitutional provision, as a proper time for the taking effect of the enactment.

In the case of State ex rel. Cummings v. Trewhitt, 113 Tenn. 561, 82 S. W. 480, a similar constitutional provision was under consideration; the provision of the Constitution of Tennessee (article 2, § 20) being as follows:

"No law of a general nature shall take effect until forty days after its passage unless the same or the caption shall state that the public welfare requires that it should take effect sooner."

And the Supreme Court of Tennessee said, in construing such provision, that:

"It is clear that under this provision of the Constitution a statute will always take effect at the expiration of 40 days from its passage—that is, 40 days from its approval by the Governor (Logan v. State, 3 Heisk. [Tenn.] 442, 445)—unless a contrary purpose appear on the face of the act itself; but there is nothing in this provision to prevent the Legislature fixing a date subsequent to the expiration of the 40 days, or at any time subsequent to the passage of the act, 'for its becoming operative. The purpose of the section of the Constitution above quoted was to secure a sufficient interval between the date of the passage of an act, and its going into effect, to enable the public to become acquainted with its terms and to conform thereto (Cooley, Const. Lim. marg. p. 156; Sammis v. Bennett, 32 Fla. 458, 14 South. 90, 22 L. R. A. 48), with the saying that, if the public should require it, the Legislature, by special direction to that effect, might cause it to become operative at once. There is nothing in the provision referred to, or in any other provision of the Constitution, to forbid the Legislature making even a longer interval than the one that was specially designated as a safeguard."

In an earlier case, Price v. Hopkin et al., 13 Mich. 318, the Supreme Court of that state, in passing upon

the constitutional provision (article 4, § 20) that "no public act shall take effect or be in force until the expiration of ninety days from the end of the session at which the same is passed, unless the Legislature shall otherwise direct," said:

"The purpose of this provision undoubtedly was to give the people time and opportunity to learn what changes were to be made in the law before those changes should come into operation, and some countenance is therefore afforded to the position of defendants that the law becomes notice from its passage, notwithstanding it has not yet taken effect. But the idea embodied in this constitutional provision is, not that the passage of the law is notice, but that 90 days from the end of the session are required to bring knowledge of the law to the public at large. * * * And when the Legislature, for reasons satisfactory to them, decide to postpone the period for the statute to come into operation to a later period, it is to be presumed, nothing appearing to the contrary, that in the particular case it was deemed important that more time be allowed for citizens to ascertain the proposed changes, and to become acquainted with their bearings. The time thus allowed is the reasonable time fixed by the Legislature to bring knowledge of the law home to parties interested, before they are required to govern their actions by it."

The reasoning of the two cases referred to would clearly show the intent of the framers of the Constitution in adopting the limitation as contained in section 23 of article 4 ,and we cannot consider this provision as otherwise than a limitation upon the time within which laws can be made effective, and it would clearly appear that, if the Legislature in its wisdom conceived that public interest was best to be served by providing for a longer period than 90 days after the adjournment of the Legislature within which their enactments should become effective, such would be in harmony with the spirit and purpose of the Constitution and should not be interfered with by a strict interpretation of said section 23. We therefore hold that the constitutional limitation appearing in section 23 of article 4 of the Constitution, providing that laws shall go into effect 90 days after the adjournment of the Legislature enacting them, except general appropriation laws which shall go into effect imme-

diately upon their passage and approval, is a limitation upon the right of the Legislature to provide a shorter period than 90 days within which laws shall become effective, and does not preclude the Legislature from fixing a longer period than 90 days after the adjournment of the Legislature, when legislative enactments shall become effective.

Based upon our conclusion, it is evident that the answer of respondent stated a sufficient legal objection to the petition for a writ of mandamus, and that this objection to the petition was therefore properly sustained by the trial court, for which reason the judgment of the trial court must be affirmed, and it is so ordered.

ROBERTS, C.J., and PARKER, J., concur.