323 P.2d 1090

ROYAL INDEMNITY COMPANY, a corporation, Plaintiff-Appellee,

v.

Paul McCLENDON, also known as Paul M. McClendon, Albuquerque National Bank, as guardian of the estate of Paul Edward McClendon and Joel McKee McClendon; Helen M. Vail, as guardian of Paul Edward McClendon and Joel McKee McClendon; and Paul Edward McClendon and Joel McKee McClendon, individually, Defendants-Appellants.

OCCIDENTAL LIFE INSURANCE COMPANY, of Raleigh, North Carolina, a corporation, and Pearce C. Rodey, Trustee, Plaintiffs-Appellees,

v.

Paul McCLENDON, Albuquerque National Bank, as guardian of the estate of Paul Edward McClendon and Joel McKee McClendon; Helen M. Vail, as guardian of Paul Edward McClendon and Joel McKee McClendon, and Paul Edward McClendon and Joel McKee McClendon, individually, Defendants-Appellants.

No. 6300.

Supreme Court of New Mexico.

Jan. 28, 1958.

Rehearing Denied May 2, 1958.

James Borland, U. S. Dist. Atty., Albuquerque, N. M., for the United States.

Simms, Modrall, Seymour, Sperling & Roehl, Albuquerque, for Albuquerque Lumber Co.

Keleher & McLeod, Albuquerque, for Albuquerque Nat. Bank and minor children.

Fred Nohl, Albuquerque, for Paul McClendon.

James A. Maloney, Albuquerque, guardian ad litem.

KIKER, Justice.

This is an appeal by Paul M. McClendon, Albuquerque National Bank, guardian of Paul Edward McClendon and Joel McKee McClendon, from a judgment and decree entered in the consolidated cases of Royal Indemnity Company v. McClendon, et al., and Consolidated Life Insurance Company, et al., v. McClendon, et al

The Royal Indemnity Company case was a suit for a money judgment against McClendon, and to set aside two conveyances made by McClendon, one to Helen M. Vail, as guardian of the minors, and the other from McClendon to Leona G. McClendon. The other suit was by the Occidental Life Insurance Company, et al., v. McClendon, et al., to foreclose on a deed of trust on the property conveyed to Helen M. Vail, as guardian of the minors.

Rodey Dickason, Sloan, Akin & Robb, Albuquerque, for Royal Indemnity Co.

The consolidated cases were tried to the court sitting without a jury, and thereafter a judgment and decree was entered in the consolidated cases. This decree provided, in part, for the setting aside of the two conveyances above referred to on the grounds that they were made without adequate consideration, and were made for the purpose of defrauding McClendon's creditors. It is from this ruling in the decree that these defendants are prosecuting this appeal.

Paul M. McClendon, being indebted to Helen M. Vail, his former wife, for several thousand dollars, on March 28, 1955, conveyed to her, as guardian, a certain piece of property to satisfy the back indebtedness. This was the same piece of property on which the Occidental Life Insurance Company held a deed of trust and upon which they have now foreclosed. McClendon was purchasing the other tract of land in question under a contract and had an equity therein. On April 8, 1955, he conveyed this tract to Leona G. McClendon in return for her giving up any claim she might have in all other property that McClendon had, except some money.

The court found that at the time of the conveyances in question, Paul M. McClendon was insolvent and that the conveyances were made for an inadequate consideration and for the purpose of defrauding the Royal Indemnity Company and other creditors of McClendon. The appellant contends that the court erred in setting aside the conveyances.

In almost every jurisdiction, certain circumstances have come to be recognized as indicia, or badges, of fraud. Commonly recognized as such badges are: insolvency or indebtedness of the grantor, lack of consideration for the conveyance, retention by the grantor of possession of the property, the relationship between the parties, the retention of benefits to the transferor and the threat or pendency of litigation. 24 Am.Jur. 173, § 14, Fraudulent Conveyances. This court has recognized many of these badges of fraud in the past. Chesher v. Shafter Lake Clay Co., 45 N.M. 419, 115 P.2d 636; National Mutual Savings & Loan Association v. Lake, 47 N.M. 223, 141 P.2d 188; Ward v. Buchanan, 22 N.M. 267, 160 P. 356.

A fraudulent conveyance may be established when circumstances attending the transaction point to the existence of a sufficient number of these badges of fraud.

The intention of the grantor is a weighty factor in the determination of the question of fraud. The witness Irene Carroll testified that in late July or early August, 1955, McClendon approached her and her husband with the request that they sign certain papers to effect a transfer of his interest in the residential property in question. At that time McClendon stated his ultimate purpose was to convey his in-

terest to a real estate man who would in turn re-convey it when McClendon's dealings were straightened out. McClendon's stated purpose was to avoid losing the property.

Although the testimony was not always concise and helpful, McClendon's statements on the stand indicate his assets did not exceed his liabilities at the time the transfers were made. The insolvency of the grantor has been held to be a powerful factor in arriving at a conclusion of the question of his intent. National Mutual Savings & Loan Association v. Lake, supra. The evidence fairly established the appellant's intent when the transfers in question were made. .  ·

Another indicia of fraud present here, and so found by the lower court, was the inadequacy of the consideration to support either of the transfers. In the case of the conveyance to Helen M. Vail, the consideration consisted of a pre-exising debt of $3,750 as computed from the record. Appellant claims the debt to be $5,000, but no other evidence of the correctness of this larger figure is in the record. In exchange for this consideration, McClendon transferred an equity of $11,000 in the property.

■ A pre-existing debt can be a valid consideration for the transfer of property. Marchbanks v. McCullough, 47 N.M.

13, 132 P.2d 426; Consolidated Placers v. Grant, 48 N.M. 340, 151 P.2d 48.

■ Generally, the consideration agreed upon by the parties to a transaction will so be regarded by the courts. But when fraud appears to be involved, the consideration may be looked to in determining the bona fides of the parties. Chesher v. Shafter Lake Clay Co., supra.

■ Here, we are confronted with the transfer of an $11,000 equity for an indebtedness of $4,750. Appellant contends the balance of the value of the property over the indebtedness was in the nature of a payment for future support. By the weight of authority a transfer of property in consideration of future support is held to be invalid when the rights of existing creditors are thereby prejudiced. 24 Am.Jur. 193, § 35, Fraudulent Conveyances.

An equity of some $7,250, the amount in which the property exceeded the pre-existing indebtedness, was conveyed to Helen M. Vail, as trustee for the children of her marriage to McClendon, to the prejudice of the existing creditors. This transfer constituted a conveyance upon a glaring inadequacy of consideration, and the lower court so found.

The transfer to Leona McClendon was based upon a consideration in the nature

50

of a property settlement in a divorce which was in the offing between her and McClendon. The lower court found that this conveyance, also, was for inadequate consideration. The record is lacking in evidence tending to show otherwise.

■ Appellant correctly points out that to have a fraudulent conveyance there must be a showing of knowledge on the part of the grantee. In Ward v. Buchanan, supra [22 N.M. 267, 160 P. 359], this court quoted the decision in Bridge v. Eggleston, 14 Mass. 245, 7 Am.Dec. 209, as follows:

"To prove fraud in the grantor, his conduct and his declarations before the conveyance may be the best, and often the only, evidence within the power of the creditor. * * * If fraud is thus proven upon him, then the knowledge of it on the part of the grantee is to be proved, which may be done by showing a trifling consideration, or none at all; by acts inconsistent with the bona fide ownership of the property; by confessions of the nature of his bargain; or by other circumstance tending to show a knowledge of the designs of the grantor."

In the instant case, the trifling consideration has been shown as well as acts inconsistent with bona fides ownership, as when McClendon retained possession of the residential property and made payments on the contract of purchase even after he conveyed it to Leona McClendon. Neither of the grantees were called as witnesses by the appellant to state the actual extent of their knowledge of the designs of the grantor, although both were apparently available.

Both of the conveyances are surrounded by circumstances which are heavy with the indicia of fraud. The grantor was insolvent at the time the transfers were made. Earlier, he had expressed a desire to transfer at least one of the parcels to a real estate man for reconveyance should he, the grantor, become financially · sound at a later time. Following the transfer to Leona McClendon, the grantor remained in possession of the property and continued to make several payments on the contract of purchase.

Under the circumstances there was ample evidence for the trial court to find that the conveyances were made with intent to defraud and to set them aside for that reason. The judgment of the lower court should be affirmed.

It is so ordered.

LUJAN, C. J., and McGHEE and COMPTON, JJ., concur.

SADLER, J., not participating.