514 P.2d 1079

**R. H. FULTON, INC., Appellant,**

v.

**NEW MEXICO BUREAU OF REVENUE,**
Appellee.

No. 1040.

Court of Appeals of New Mexico.

Sept. 19, 1973.

William Federici, John B. Pound, Montgomery, Federici, Andrews, Hannahs & Morris, Santa Fe, for appellant.

David L. Norvell, Atty. Gen., Susan P. Graber, Bureau of Revenue, Asst. Atty. Gen., Santa Fe, for appellee.

OPINION

HENDLEY, Judge.

This is an appeal from a decision and order of the Commissioner of Revenue. (§ 72–13–39(A), N.M.S.A. 1953 (Repl.Vol. 1961, pt. 2, Supp.1971)). By the challenged order the Commissioner seeks to tax a contract entered into by the taxpayer on April 7, 1969, at the higher rate of tax effective July 1, 1969, rather than at the lower rate in effect prior to that date.

This case involves the interpretation of § 66, Chap. 144, Laws 1969, which reads as follows:

"Section 66. *Temporary Provision.*— By regulation, the commissioner shall

**584**

provide a system for the registration of contracts entered into prior to the passage of this act which do not permit an increase in price to cover an increase in the gross receipts and compensating tax rate or the elimination of an exemption or deduction allowed in the Gross Receipts and Compensating Tax Act. Receipts from contracts registered with the commissioner shall be taxed according to the laws existent prior to the effective date of this act. Receipts from the sale of services or materials incorporated into a construction project, the contract for which is registered with the commissioner, shall be treated as receipts from sales made under the law as it existed prior to the effective date of this act."

Pursuant to § 66, supra, the Bureau of Revenue promulgated G.R.Reg. 66–1 (1969), which provides, in relevant part:

"G.R. Regulation 66–1—REGISTRATION AND TAX TREATMENT OF PRIME CONSTRUCTION CONTRACTS ENTERED INTO PRIOR TO APRIL 1, 1969—ISSUED AND EFFECTIVE JUNE 25, 1969—

"1. *Registration.* Prime construction contractors may, but are not required to, register with the Commissioner of the Bureau of Revenue prime construction contracts entered into prior to April 1, 1969, if the contracts do not permit an increase in price to cover any increase in the gross receipts and compensating tax rate or any increase in tax resulting from the elimination of an exemption or deduction that was allowed in the Gross Receipts and Compensating Tax Act effective prior to July 1, 1969. * * *"

The Bureau's reason for selecting April 1, 1969, as the cutoff date before which a contract must have been entered into in order to obtain the favorable tax treatment provided for in § 66, supra, is that it was on that date that the Governor signed the bill.

As stated above, the contract which is the source of the present controversy was entered into by taxpayer on April 7, 1969.

Taxpayer made no attempt to register this contract with the Bureau as provided in G.R.Reg. 66–1, supra. Its stated reason was that it "had no reason to believe that the contract would be accepted by the Bureau * * * while the Bureau's regulation announces that contracts dated later than April 1, 1969 would not be eligible."

It is the Bureau's position that the interpretation of § 66, supra, contained in G.R. Reg. 66–1, supra, is a valid exercise of the Commissioner's statutory authority to interpret the tax laws. (§ 72–13–23(A), N. M.S.A.1953 (Repl.Vol.1961, pt. 2, Supp. 1971)). We disagree.

The determinative question on the issue of the correctness of G.R.Reg. 66–1, supra, is the meaning of the phrase " * * * passage of this act * * *" as used in § 66, supra. If that phrase refers, as the Bureau contends, to the date on which the Governor signed the bill then G.R.Reg. 66–1, supra, is a correct interpretation. If, on the other hand, the phrase refers to the date on which the bill became law then G. R.Reg. 66–1, supra, is incorrect to the extent that it cuts off the right to register a contract entered into prior to July 1, 1969, but after April 1, 1969.

We begin our discussion of the meaning of the phrase " * * * passage of this act * * *" with a consideration of Art. IV, § 23 of the New Mexico Constitution, which states:

"Laws shall go into effect ninety days after the adjournment of the legislature enacting them, except general appropriation laws, which shall go into effect immediately upon their passage and approval. Any act necessary for the preservation of the public peace, health or safety, shall take effect immediately upon its passage and approval, provided it be passed by two-thirds vote of each house and such necessity be stated in a separate section."

This provision has been construed to mean that the legislature may provide that legislative enactments should go into effect more than ninety days after their

enactment, but that the legislature cannot make non-emergency legislation effective less than ninety days after enactment. State ex rel. New Mexico State Bank v. Montoya, 22 N.M. 215, 160 P. 359 (1916).

Provisions similar to Art. IV, § 23, supra, are cited by the author of the annotation at 132 A.L.R. 1048 (1941) as one of the major reasons why phrases such as that presently under consideration are given a technical meaning.

"In the greater number of cases the term 'passage of this act' appearing in the body of a legislative enactment as describing the time element which brings facts or condititons within or without its operation has been construed as designating or referring to the time when the act goes into effect rather than to the time of its enactment or approval.

" * * *

"Among the reasons advanced in support of construing the word 'passage' in its technical rather than in its natural sense are * * * that to construe such term so as to bring within the operation of the act something that occurred before the act took effect would be violative of constitutional provisions prescribing the time at which legislative enactments shall go into effect." 132 A.L.R. at 1051, 1052.

■■ We are of the opinion that to interpret the phrase " * * * passage of this act * * *" to refer to any date prior to July 1, 1969, would violate Art. IV, § 23 of the New Mexico Constitution. State ex rel. New Mexico State Bank v. Montoya, supra. Accordingly, we hold that that phrase is used in its technical sense in § 66, supra, and refers to July 1, 1969. See State v. Southern Pac. Co., 34 N.M. 306, 281 P. 29 (1929). There can, of course, be no doubt that the Commissioner cannot do by regulation what the legislature cannot do by statute.

In view of the foregoing discussion we find it unnecessary to consider the Commissioner's other arguments relating to the interpretation of § 66, supra.

■ The Bureau also argues that taxpayer has waived its right to have the present contract taxed at the old rate because of the admitted failure to register the contract in accordance with G.R.Reg. 66–1, supra. This argument is without merit. By its very terms G.R.Reg. 66–1, supra, only permits registration of contracts entered into prior to April 1, 1969. Having drafted the regulation in these terms the Bureau cannot argue that by failing to comply with the terms of a regulation, which on its face does not apply to taxpayer, that taxpayer waived its rights under the statute as enacted. Compare Rainbo Baking Co. of El Paso v. Commissioner of Rev., 84 N.M. 303, 502 P.2d 406 (Ct.App.1972).

The decision of the Commissioner is reversed and the cause is remanded for proceedings consistent with this opinion.

It is so ordered.

SUTIN and HERNANDEZ, JJ., concur.